Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff and those similarly situated*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOYCE R. LINIS, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHLAND GROUP, INC., and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br><u>**CLASS ACTION COMPLAINT**</u> |

Plaintiff, Joyce R. Linis, individually and on behalf of all others similarly situated, by way of Class Action Complaint against Defendant, Northland Group, Inc., says:

### I.   NATURE OF THE ACTION

1.   Plaintiff brings this class action alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") by making statements that misrepresented the tax consequences of a reduced settlement. Such statement "does not accurately reflect the relevant law; in this respect, it is not true. In addition, the statement's invocation of the IRS is deceptive and misleading."[1]

---

[1] *Good v. Nationwide Credit, Inc.*, 55 F. Supp. 3d 742, 749-50 (E.D. Pa. 2014); *see also Balon v. Enhanced Recovery Co.*, No. 3:16-CV-0410, 2016 U.S. Dist. LEXIS 72142, at *19-20 (M.D. Pa. June 2, 2016) ("the challenged language could, without bizarre or idiosyncratic interpretation, influence the least sophisticated debtor's decision-making process. As a result, it is determined
(continued)

## II.   JURISDICTION AND VENUE

2.  This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

## III.   PARTIES

4.  Plaintiff, Joyce R. Linis ("Plaintiff" or "Linis"), is a natural person residing in Passaic County, New Jersey.

5.  Defendant, Northland Group, Inc. ("Defendant" or "NGI"), is a collection agency with an office located at 7831 Glenroy Road Suite 250, Edina, Minnesota 55439.

## IV.   FACTS

### A. Background

6.  Defendant is not in the business of extending credit, selling goods or services to consumers.

---

that the challenged language is material." (internal quotations marks and citation omitted)); *Velez v. Enhanced Recovery Co., LLC*, No. 16-164, 2016 U.S. Dist. LEXIS 57832, at *10 (E.D. Pa. May 2, 2016) ("There are myriad other ways that the Statement could, without bizarre or idiosyncratic interpretation, influence the least sophisticated debtor's decision-making process."); *Foster v. AllianceOne Receivables Mgmt.*, No. 15-cv-11108, 2016 U.S. Dist. LEXIS 56958, at *5-6 (N.D. Ill. Apr. 28, 2016) ("It is plausible that mention of the IRS in a situation where there is no set of circumstances in which the IRS would be involved could mislead 'a person of modest education and limited commercial savvy.'"); *Pape v. Law Offices of Frank N. Peluso, P.C.*, No. 3:13 CV 63 (JGM), 2016 U.S. Dist. LEXIS 694, at *27-8 (D. Conn. Jan. 5, 2016) (Statement that "[w]e may also report this to the IRS as Debt Cancellation Income pursuant to IRS Reg. § 1.61-12 if payment is not received" violates the FDCPA where "defendant . . . could not report the cancellation of plaintiff's debt to the IRS[.]"); *Wagner v. Client Services, Inc.*, Case No. 08-5546, 2009 U.S. Dist. LEXIS 26604, at *12, 2009 WL 839073 (E.D. Pa., March 26, 2009) ("By failing to attribute the nature of the debt that may be discharged to principal and non-principal amounts, Defendant has not shown that its letter is literally true."); *Kuehn v. Cadle Co.*, Case No. 5:04-cv-432, 2007 U.S. Dist. LEXIS 25764, 2007 WL 1064306 (M.D. Fla., April 6, 2007) (This includes a statement that a 1099 must be issued when a 1099 is not required.).

7. Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

8. Defendant is in the business of collecting debts or alleged debts of natural persons owed to another which arise from transactions which are primarily for personal, family, or household purposes.

9. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

10. Defendant is a collection agency.

11. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation to Citibank, N.A. ("Debt" or "Account").

12. The Debt is alleged to arise from one or more transactions.

13. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family or household purposes.

14. The debts alleged to be owed by the Plaintiff and those similarly situated were incurred for personal, family or household purposes.

15. At some point after Plaintiff's alleged default, the original creditor of the Account determined that the debt was uncollectable, and therefore decided to "charge-off" the debt.

16. Sometime after the original creditor charged-off the Account, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendant for collection.

17. The Account was past due and in default at the time it was placed with or assigned to Defendant for collection.

18. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

**B. Deceptive Invocation of the IRS**

19. In attempts to collect the Debt, Defendant mailed a collection letter to Plaintiff on July 11, 2016 (the "NGI Letter"); true but redacted copy of which is attached as **Exhibit A**.

20. On information and belief, the NGI Letter is a mass-produced, computer-generated, form letter that are prepared by the Defendant and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

21. Plaintiff received and reviewed the NGI Letter, which states:

> CITIBANK, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations. Please contact your tax advisor if you have any questions.

22. Defendant's statements are false, deceptive and misleading.[2]

23. The Department of Treasury regulations require an "applicable entity"[3] to report a discharge of indebtedness over $600 to the Internal Revenue Services if and only if there has been an "identifiable event,"[4] subject to seven exceptions.[5]

24. Such exceptions to the reporting requirement include if the consumer files and obtains a bankruptcy discharge on a consumer debt, or if the discharge is of interest or non-principal amounts.[6]

---

[2] *See Good v. Nationwide Credit, Inc.*, 55 F. Supp. 3d 742 (E.D. Pa. 2014).
[3] "Applicable entity" is defined in 26 U.S.C. § 6050P(c)(1).
[4] As described in 26 Treas. Reg. § 1.6050P-1(b)(2).
[5] *See* 26 Treas. Reg. § 1.6050P-1(a)(1), (d).
[6] 26 Treas. Reg. § 1.6050P-1(d)(1)-(3).

25. A portion of the debt allegedly to be due by Plaintiff and putative class members was interest or non-principal amounts.

26. The statement "CITIBANK, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations[,]" is false and misleading to Plaintiff, as well as the least sophisticated consumer.

27. The statement misstates the law, fails to disclose that there are exceptions to the filing requirement and fail to state that filing may not be required.

28. Such false statement is deceptive and misleading because the statement conveys to Plaintiff and the least sophisticated consumer that there are consequences to paying or settling the debt for less than what was alleged to be owed.

29. Such false statement is deceptive and misleading because the statement conveys to Plaintiff and the least sophisticated consumer that one may face negative consequences with the Internal Revenue Service for paying or settling the debt for less than what was alleged to be owed.

30. Such false statement is deceptive and misleading because the statement conveys to Plaintiff and the least sophisticated consumer that the creditor of the Account will report to the IRS even when that may not be the case.

31. Such false statement is deceptive and misleading because the statement deliberately fails to disclose to Plaintiff and the least sophisticated consumer that such reporting is required under only limited circumstances.

32. Such false statement is deceptive and misleading because the statement deliberately fails to disclose to Plaintiff and the least sophisticated consumer that such reporting requirement is subject to seven exceptions.

33. There is no law or regulation that requires Defendant to include the tax statements. Defendant's statement invoking the IRS is a collection ploy and a deceptive tactic used to trick Plaintiff and the least sophisticated consumer that paying less than the full amount owed or not paying at all would have serious tax implications or otherwise be in trouble with the IRS.

34. In fact, Defendant deliberately omits that the discharge of indebtedness must be over $600 in principle amounts while invoking the IRS as "a 'collection ploy designed to deceive or mislead' the consumer into thinking that the IRS could be involved in their debt where there is no set of circumstances in which the IRS would be involved."[7]

35. Defendant's statement invoking the IRS is a collection ploy to increase collections by falsely representing the law and threatening tax consequences to Plaintiff and the least sophisticated consumer.

36. "A debt collection letter is deceptive where 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'"[8]

37. As Plaintiff understood NGI's tax statement, as would the least sophisticated consumer, one would face negative consequences with the IRS for paying or settling the debt for less than what was alleged to be owed.

38. As Plaintiff understood NGI's tax statement, as would the least sophisticated consumer, "she could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness . . . ."[9]

---

[7] *Foster v. AllianceOne Receivables Mgmt.*, No. 15-cv-11108, 2016 U.S. Dist. LEXIS 56958, at *5 (N.D. Ill. Apr. 28, 2016)
[8] *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)).
[9] *Good*, 55 F. Supp. 3d at 748 (internal quotations marks omitted).

39. As Plaintiff understood NGI's tax statement, as would the least sophisticated consumer, there would be legal consequences with the IRS for leaving any balance owed.

40. As Plaintiff understood NGI's tax statement, as would the least sophisticated consumer, paying less than the full amount owed or not paying at all would have serious tax implications or otherwise be in trouble with the IRS.

41. As Plaintiff understood NGI's tax statement, as would the least sophisticated consumer, "CITIBANK, N.A. will report any discharge of indebtedness" to the IRS.

42. Upon information and belief, Citibank, N.A. never filed a form 1099C with the IRS with respect to Plaintiff or the Debt.

43. Defendant's false, deceptive and misleading statement is material to Plaintiff and the least sophisticated consumer because, *inter alia*:

    a. the invocation of the IRS, the threatening of tax consequences, and use of the misleading and false statement effects the decision-making of Plaintiff and the least sophisticated consumer;

    b. Plaintiff and the least sophisticated consumer are less likely to negotiate the balances down and are more likely succumb to the threat by making substantially higher payments;

    c. Plaintiff and the least sophisticated consumer would believe that in order not to be reported to the IRS, one must pay the entire balance regardless of whether the event is reportable or taxable;

    d. The statement creates confusion of the legal and tax implication as the alleged indebtedness is not always *taxable* nor always reported to the IRS; and

    e. The statement negatively influences someone contemplating for obtaining bankruptcy relief, as Plaintiff and the least sophisticated consumer would believe that one would be faced with negative legal and tax consequences if the debt is wiped out through bankruptcy.

## V. CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict or modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All natural persons with an address within in the State of New Jersey, to whom, from July 10, 2016 to the final resolution of this case, Defendant sent one or more letter(s) in attempts to collect a consumer debt, which contained the same or similar statement: "[the creditor] will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."

46. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

47. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

48. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

   A. Whether Defendant is a debt collector under the FDCPA;

   B. Whether Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f and 1692f(1); and

   C. Whether Plaintiff and the Class are entitled to damages.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

50. Plaintiff's claims are typical of the claims of the members of the Class.

51. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

52. Plaintiff does not have interests antagonistic to those of the Class.

53. The Class, of which Plaintiff is a member, is readily identifiable.

54. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

55. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

56. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

57. Plaintiff, on behalf of herself and other similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

58. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money,

property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

59. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

60. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and interpretations thereof.

61. The NGI Letter and the same or similar letters sent to New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

62. The NGI Letter and the same or similar letters were sent by Defendant to Plaintiff and those similarly situated in an attempt to collect the debts.

63. By sending numerous collection letters that misleadingly and deceptively invoked the Internal Revenue Service and contained inaccurate statements regarding the tax consequences of a settlement, Defendant violated sections 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10), and 1692f of the FDCPA.

64. The violations of the FDCPA described herein constitute *per se* violations.

65. As a result of any one or more of the above violation of the FDCPA, Defendant is liable to Plaintiff and the putative class for statutory damages, attorney's fees, and costs.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Joyce R. Linis, on behalf of herself and others similarly situated, demands judgment against Defendant, Northland Group, Inc., as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.   For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.   For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E.   For pre-judgment and post-judgment interest; and

F.   For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

Dated: July 10, 2017

*s/ Yongmoon Kim*
Yongmoon Kim, Esq.
*Attorneys for Plaintiff on behalf of herself and those similarly situated*